IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE DRY DOCK, L.L.C.,

                  Plaintiff,                            ORDER

   v.

                                                      09-cv-271-bbc

HUSQVARNA CONSUMER OUTDOOR
PRODUCTS NA INC. and HUSQVARNA
U.S. HOLDING, INC.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 1, 2009, defendant Husqvarna Consumer Outdoor Products NA, Inc. removed this case from state court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. Dkt. #1. Defendant Husqvarna U.S. Holding, Inc. was not a party to this suit until plaintiff amended its complaint on May 12, 2009. Dkt. #11.

Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); McCready v. EBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006); Strawbridge v. Curtiss, 7 U.S. 267 (1806). This court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006); see also Belleville Catering Co.

1

v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003) (litigants must meticulously review limits of federal jurisdiction to prevent waste of federal judicial resources); Tylka v. Gerber Products Company, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction").

As the party that removed this case to federal court, defendant Husqvarna Consumer Outdoor Products NA, Inc. bears the burden of showing that federal jurisdiction exists. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (party seeking to invoke federal diversity jurisdiction bears burden of demonstrating that complete diversity and amount in controversy requirements are met).  In the notice of removal, defendant alleged that plaintiff The Dry Dock, LLC is a Wisconsin limited liability company with a principal place of business in Hudson, Wisconsin and that the complaint discloses one member of the plaintiff LLC, Mick Howland, who is a citizen of Wisconsin.  The amended complaint alleges that defendant Husqvarna U.S. Holding, Inc. is a Ohio corporation with a principal place of business in North Carolina and defendant Husqvarna Outdoor Products NA, Inc. is a Delaware corporation with a principal place of business in Augusta, Georgia.

In establishing diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure.  For example, a corporation is deemed a citizen of the state

2

in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). However, the citizenship of a limited liability company is the citizenship of *each* of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). In this case, neither the complaint nor the notice of removal identifies whether Mick Howland is the *only* member of The Dry Dock, LLC. Thus, more information is needed on the membership of The Dry Dock, LLC before I can assess whether there is diversity jurisdiction in this case.

Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give defendant Husqvarna Consumer Outdoor Products NA, Inc. seven days in which to produce facts verifying the diversity of citizenship between plaintiff and defendants. Defendant is reminded that if plaintiff has more than one individual as a member, the *citizenship* and not the residency of individual persons is what matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan

Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

## ORDER

IT IS ORDERED that defendant Husqvarna Consumer Outdoor Products NA, Inc. may have until July 30, 2009, to provide this court with verification of the diversity of citizenship between itself, defendant Husqvarna U.S. Holding, Inc. and plaintiff The Dry Dock, LLC.  Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 22nd day of July, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge