IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE DRY DOCK L.L.C.,

                OPINION AND ORDER

        Plaintiff,

                09-cv-271-bbc

    v.

HUSQVARNA CONSUMER
OUTDOOR PRODUCTS NA,
INC. and HUSQVARNA US
HOLDING, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants Husqvarna Consumer Outdoor Products NA, Inc. and Husqvarna U.S. Holding, Inc. have moved for summary judgment in this civil action. Plaintiff brought it originally as an action for illegal breach of a dealership agreement and breach of contract, but has since withdrawn the dealership claims, as well as claims under Wis. Stat. § 553.41(3) and (4) of the Wisconsin Franchise Investment Law. Defendants contend that they did not breach the dealer agreement with plaintiff, that they did not terminate any dealership agreement with plaintiff and that plaintiff is actually complaining about the loss of its financing line when General Electric Commercial Distribution Finance Corporation

1

withdrew its financial for plaintiff's Husqvarna line, which triggered a contractual obligation for defendant Husqvarna U.S. Holding Inc. to repossess unpaid Husqvarna merchandise and to refrain from supplying additional merchandise until plaintiff has regained its financing. Defendants deny that plaintiff has been terminated as a dealer, but that even if it had been, defendants had a right to terminate because any contract between plaintiff and Husqvarna U.S. was verbal and of indefinite duration and therefore terminable at will under Wisconsin law. Defendants contend that the same is true with respect to defendant Husqvarna Consumer: if any contract between it and plaintiff existed, it had to have been verbal and therefore, terminable at will. Jurisdiction is present under 28 U.S.C. § 1332.

I conclude that defendants are entitled to judgment in their favor. Plaintiff has failed to show the existence of any contract, written or verbal, that defendants could have breached.

From the facts proposed by defendants, I find that the following are material and undisputed. Plaintiff did not contest any of the facts proposed by defendants or propose any facts of its own. This is not the first time that plaintiff's counsel has ignored the court's procedures; he proposed no findings of fact in advance of the hearing on plaintiff's motion for a preliminary injunction, although he was given written notice of the requirement that he do so.

UNDISPUTED FACTS

Plaintiff The Dry Dock L.L.C. is a Wisconsin limited liability company with a principal place of business in Hudson, Wisconsin. Barbara Harland and Mick Harland are plaintiff's only members; both are citizens of Wisconsin. Defendant Husqvarna U.S. Holding, Inc. is an Ohio corporation with its principal place of business in North Carolina. Defendant Husqvarna Consumer Outdoor Products NA, Inc. is a Delaware corporation with its principal place of business in Georgia.

Plaintiff became a full service dealer of Husqvarna products in September 2006. The products were supplied by Husqvarna U.S. Defendant Husqvarna Consumer has never supplied products to plaintiff.

Plaintiff obtained its inventory financing through GE Commercial Distribution Finance Corporation, which supplied credit to Husqvarna dealers through an entity known as "Husqvarna Financial Services," which GE created under its contract with Husqvarna U.S. Neither Husqvarna U.S. nor any other Husqvarna entity has any interest in GE-HFS or any control over it.

Under the GE-HFS financing plan, dealers such as plaintiff buy product from Husqvarna but GE-HFS pays for it. The dealer then repays GE-HFS once the dealer sells the product. This kind of floor plan financing allows a dealer to stock its showroom with product but put off paying for it.

As a part of this financing arrangement, GE-HFS has contractual relationships with both the dealer and Husqvarna U.S. The contract with the dealer requires that the dealer repay GE-HFS within a certain length of time after selling the product. If a dealer defaults on its contract with GE-HFS, Husqvarna U.S. repossesses the unpaid product because it is collateral for the financing GE-HFS has provided to the dealer.

Plaintiff defaulted on its GE-HFS contract in early 2009. Once that occurred, Husqvarna U.S. had a contractual obligation to repossess plaintiff's unpaid Husqvarna product. Husqvarna U.S. sent a repossession letter to plaintiff on March 3, 2009, which it followed up by taking physical possession of $62,229.56 worth of unpaid Husqvarna inventory. Since then, Husqvarna U.S. has refused to sell product to plaintiff because plaintiff has not shown that it has regained its financing or given Husqvarna U.S. reason to believe that it has other means for new Husqvarna product.

Plaintiff and Husqvarna U.S. exchanged drafts of a dealership agreement but never signed it. In fact, plaintiff's owner has sworn that he never saw the draft agreement.

Plaintiff has a copy of another draft agreement, for service work. It does not mention plaintiff's right to sell Husqvarna products and it is between plaintiff and Husqvarna Consumer. The document was signed by plaintiff on May 27, 2009, but was never signed by Husqvarna or any other Husqvarna entity.

Plaintiff produced a second service dealer agreement between itself and Husqvarna

4

Consumer that plaintiff signed on December 22, 2007.  The purported agreement does not bear any signature by a Husqvarna entity.  It provides that plaintiff's right to participate in the certified servicing dealer program "may be terminated by Husqvarna at any time for any reason."

OPINION

Little discussion is necessary in deciding defendants' motion, because plaintiff has not identified any contract, written or oral, between it and defendants that could have been breached.  Without a contract, plaintiff's entire case collapses.  It is irrelevant whether plaintiff gave notice of breach of good faith, whether the allegedly out-of-trust products were not out-of-trust in fact, whether plaintiff was forced to pay for product that was not out-of-trust or whether GE-HFS's accounting was inaccurate.

The only opposition that plaintiff filed is labeled a "response" to defendants' motion for summary judgment, but it consists of no legal argument.  It simply sets forth various assertions unsupported by any relevant citations to the record.  Plaintiff does include some citations to exhibits, such as Exhibit 4, which is "a copy of all of the Husqvarna dealer representatives for [with?] which the Plaintiff did business," Plt.'s Response, dkt. #77, at 2, but he does not explain the relevance of this exhibit and none is apparent.  It does not support a finding that the parties entered into a written contract that could be the subject

5

of a breach.

Plaintiff has not responded in any way to defendants' assertions that they have not terminated the dealer agreement with plaintiff or that, because the agreement was never signed, they were free to terminate it at will under Wisconsin law.  Having tried earlier in the lawsuit to show that it never signed any dealership agreement with either or both defendants, plaintiff is not in a strong position to argue that defendants breached a written contract with plaintiff.

In summary, plaintiff alleged that defendants breached a contract, but it has adduced no evidence to support the most basic fact that would support its allegation:  the existence of a contract between the parties.  Even if plaintiff changed course and alleged that its president signed the dealership agreement that defendant Husqvarna U.S. drafted, doing so would not change the outcome of this motion because it has not suggested any factual basis on which this court could find that defendant terminated the contract, let alone that it did so illegally.


ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Husqvarna Consumer Outdoor Products NA, Inc. and Husqvarna U.S. Holding, Inc. is

GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 5th day of March, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge